UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JAMES FRISO,

        Plaintiff,

        v.                                                                Case No. 13-C-1351

DYNCORP INTERNATIONAL, LLC,

        Defendant.

DECISION AND ORDER DENYING MOTION TO DISMISS (DOC. 7)

James Friso sues Dyncorp International under Title VII of the Civil Rights Acts of 1964 and 1991, claiming that Dyncorp retaliated against him for opposing unlawful practices and for filing a prior charge with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-3(a).[1] Specific allegations of the Amended Complaint are incorporated in the discussion below.

Dyncorp moves to dismiss the case under Fed. R. Civ. P. 12(b)(6), arguing that Friso failed to file a timely complaint, the Amended Complaint fails to allege facts regarding timeliness and to supply sufficient allegations to set forth a plausible retaliation claim, and Friso cannot pursue allegations concerning matters occurring prior to or subsequent to the filing of his second EEOC charge (on which this case is based). For the reasons set forth below, the motion is denied.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*,

---

[1]Title VII prohibits an employer from discriminating against an employee or job applicant because that individual "opposed" any practice made unlawful by the title or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56, 59 (2006).

496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Under the *Bell Atlantic* standard for Rule 12(b)(6) motions, conclusory allegations about the elements of a claim are not sufficient. *Id.* at 1084. General allegations "of retaliation for reporting some unspecified act of discrimination [do] not provide the necessary notice to the defendant so that it [can] begin investigating and defending against the claim." *Id.*

Dyncorp first challenges the lack of allegations in the Amended Complaint regarding timeliness. A Title VII plaintiff must file suit within ninety days after notice that the EEOC has dismissed the charge. *See* 42 U.S.C. § 2000e-5(f)(1); *DeTata v. Rollprint Packaging*

2

*Prods., Inc.*, 632 F.3d 962, 967 (7th Cir. 2011). The ninety-day period does not start running until the plaintiff actually receives the right-to-sue letter from the EEOC unless the failure to receive the mail is the plaintiff's fault (for example, if the plaintiff fails to notify the EEOC of a change of address or fails to retrieve certified mail from the post office for seven weeks). *DeTata*, 632 F.3d at 967; *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001).

Dyncorp contends that Friso's right-to-sue letter issued on August 26, 2013, and he should have received it soon afterward, yet he filed the original complaint in this case on December 2, 2013, which was more than ninety days later. In response, Friso filed a declaration swearing that he was working in Germany from May 4, 2012, until the end of August 2013. Although he had mail forwarded to an address in Germany while there, he changed his address back to Wisconsin for the end of August. He returned to the United States from abroad on August 31, 2013, and received his mail on September 3, 2013, the day after Labor Day. That mail delivery included the EEOC's August 26 notice of right to sue. (Doc. 11 at 1-2.) Friso tried to file his original complaint on November 28 and 29, 2013, but the clerk's office was closed for the Thanksgiving holiday.[2] As November 30 and December 1 were weekend days, he filed his complaint on December 2, 2013. (*Id.* at 2.)

All of Friso's sworn statements go beyond the allegations in his Amended Complaint. And arguments in a brief opposing a motion to dismiss do not cure defects in the pleading. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *McNulty v. Commc'ns Workers of Am.,* No. 3:12-cv-22-MOC-DSC, 2012 WL 1569601, *3 (W.D.N.C.

---

[2] The court has confirmed with the clerk's office that the court was closed on November 29, 2013. November 28, 2013, was Thanksgiving Day; the court was closed that day pursuant to Fed. R. Civ. P. 6 and 77.

3

Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)."), *recommendation adopted by* 2012 WL 1569591 (W.D.N.C. May 3, 2012).

Nevertheless, Dyncorp's argument must be rejected. The requirement that a plaintiff have filed EEOC charges before filing suit is not intended to erect a pleading requirement or to require form to prevail over substance. Title VII is a remedial statute, and technicalities should not be used to bar Title VII claims. *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 397-98 (1982). Exhaustion of administrative remedies is considered a condition precedent that may be the basis for an affirmative defense; it is not a jurisdictional matter. *See id.* at 393 (holding that the filing of a timely charge with the EEOC is not a jurisdictional prerequisite); *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *Baltzer v. City of Sun Prairie Police Dep't*, 725 F. Supp. 1008, 1016-17 (W.D. Wis. 1989).; *Bibbs v. Sheriff of Cook County*, No. 10 C 7382, 2011 WL 5509556, *3 (N.D. Ill. Nov. 8, 2011). That conditions precedent have occurred may be averred generally in a complaint. Fed. R. Civ. P. 9(c). And a plaintiff has no obligation to allege facts negating an affirmative defense. *Bibbs*, 2011 WL 5509556, at *3. Thus, a Title VII plaintiff need not plead that he received a right-to-sue letter. *Collier v. City of Chicago*, No. 08-cv-5645, 2010 WL 476649, *3 (N.D. Ill. Feb. 4, 2010).

Regarding the ninety-day limitations period, that too is an affirmative defense, and the failure to allege facts establishing that the statute of limitations was met is not a basis for dismissal at the pleading stage. *Richardson v. Metro. Family Servs.*, No. 14-cv-1711, 2014 WL 7205581, *3 (N.D. Ill. Dec. 18, 2014). A complaint of Title VII retaliation is not deficient because it fails to affirmatively assert the dates showing that the case is timely.

4

*See id.* On the other hand, dismissal is appropriate when a plaintiff pleads facts establishing the complaint's tardiness. *Id.*

Friso asserts that he filed a charge with the EEOC and that all conditions precedent have been performed or have occurred. (Doc. 4, ¶¶ 4, 28.) He had no obligation to plead in detail that he received the right-to-sue letter, on what date he received a right-to-sue letter, or that he filed this lawsuit within ninety days of that date of receipt. And he has asserted no such facts by which he has pled himself out of court. Hence, Dyncorp's arguments concerning the limitations period fails.

Next, Dyncorp contends that the Amended Complaint fails to identify a materially adverse action. Dyncorp argues that Friso neglects to allege specific jobs for which he was not hired or cite specific rejections by Dyncorp and that a right to rehire or recall existed.

To plead a Title VII retaliation claim, a plaintiff must allege that (1) he engaged in statutorily protected activity and (2) he was subjected to a materially adverse employment action as a result of the protected activity. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013); *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). The protected activity must be specifically identified. *Carlson*, 758 F.3d at 828. But evidence is not required at the pleading stage. *Id.* at 827.

A materially adverse employment action in the context of a Title VII retaliation claim means "that the employer's actions are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 57, 68; *accord Metzger v. Ill. State Police*, 519 F.3d 677, 683 (7th Cir. 2008). A materially adverse employment action is not limited to employer actions that occur in the

5

workplace, *Burlington*, 548 U.S. at 57, or that affect the terms and conditions of employment, *Szymanski v. County of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006). "In fact, retaliation claims can be pursued based on actions that go beyond workplace-related or employment-related retaliatory acts and harm." *Id.* For example, a former employee can assert that she was given negative references in retaliation for engaging in protected activity. *Id.* The retaliation provision covers actions adverse to employees as well as to job applicants. *Burlington*, 548 U.S. at 57.

In *Tamayo*, the Seventh Circuit concluded that the plaintiff had asserted sufficient facts to state a claim for retaliation when she alleged that she had performed her job satisfactorily at all times, she had filed two EEOC charges alleging sex discrimination and had been issued a right-to-sue notice, and after complaining about lack of equal pay and filing an EEOC charge she had been subjected to adverse employment actions in retaliation. *Id.* at 1085. The complaint then listed a number of specific adverse employment actions. *Id.*

Friso's Amended Complaint satisfies required pleading standards. He sets forth more than a general recitation of the elements of a Title VII claim and naked assertions. He asserts that while working at Dyncorp his job performance had been commendable. (Doc. 4, ¶ 16.) Further, from November 2006 until his transfer to a lower-paying position on January 25, 2007, he regularly and repeatedly complained to Dyncorp's onsite managers and Dyncorp's European District Manager, Eugene Mellenbacher, that one of his coworkers was sexually harassing him in the workplace. (Doc. 4, ¶¶ 10-14.) These references to complaints to managers in Friso's workplace and to Mellbacher within a three-month time frame are specific enough to provide Dyncorp with notice of protected activity for pleading

6

purposes. Further, the Amended Complaint implies that Friso filed a first charge with the EEOC at some point after November 2006 and within 300 days after January 25 or May 31, 2007. Although Friso neither identifies the charge by a filing date or number nor attaches a copy of the charge to his Amended Complaint, he states that the charge was the basis of Eastern District of Virginia case number 11CV874, which he filed against Dyncorp. (*See* Doc. 4, ¶¶ 10-15, 31-33.) The reference to this case by district and number, and the fact that Dyncorp was the defendant, provide sufficient specificity of the protected activity for pleading purposes.

Regarding the alleged materially adverse employment action, the Amended Complaint references a rescinded job offer and Dyncorp's ongoing refusal to rehire or recall Friso. As asserted in the Amended Complaint, in April 2008 Larry Dobbs of Dyncorp's recruiting firm offered Friso a helicopter mechanic position and confirmed that the job would be for work in Iraq for two and one-half years. On or about May 23, 2008, Dobbs confirmed the offer by phone with Friso, and Friso agreed by an email in response that he would begin work for Dyncorp in Kirkuk, Iraq, in September 2008. Thereafter, on or about June 20, 2008, Friso sent his resume to Mellbacher, expressing interest in a job in Mannheim, Germany, as well, and on June 24, Dobbs sent Friso an email expressing Dyncorp's interest in employing Friso as a helicopter mechanic in Mannheim. Nevertheless, the recruiter thereafter ceased communicating with Friso, even though during the summer of 2008 Friso attempted to communicate with the recruiter about starting his new position. Yet, Dyncorp continued to advertise for and hire new employees in positions for which Friso was qualified. (Doc. 4, ¶¶ 17-27.)

A reasonable inference from these allegations is that after Friso communicated with Mellbacher and sometime over the summer of 2008 Dyncorp reconsidered the recruiter's

7

offers of employment. Such rescission of a job offer and inferred refusal to offer any further job offers can be considered materially adverse actions for purposes of Title VII retaliation. The elimination of recall or rehire possibilities could dissuade an employee or applicant from making or supporting a charge of discrimination. Such adverse actions regarding recall or rehire can be likened to the negative job references that were recognized as possible materially adverse employment actions in *Szymanski*. Thus, Friso has sufficiently stated his retaliation claims.

Dyncorp further argues that Friso's allegation that others were hired and recalled from layoff in lieu of himself fails because it is made on information and belief and without specifics as to job positions or individuals allegedly rehired. But allegations of the existence of similarly situated comparators concern the Title VII substantive provision regarding terms and conditions of employment, not the retaliation provision. As discussed in *Burlington*, the substantive and retaliation provisions are distinct and retaliation claims are not tied solely to employer actions that occur in the workplace. *See Burlington*, 548 U.S. at 57, 61-70. Moreover, allegations regarding similarly situated individuals are not even required for substantive claims. Evidence regarding comparators may be relevant regarding the prima facie case for purposes of summary judgment, but a complaint need aver only that the employer took a specified adverse employment action based on an impermissible ground. *Carlson*, 758 F.3d at 827.

Similarly, Dyncorp's argument that Friso's Amended Complaint fails to include details regarding the alleged retaliatory acts, such as their timing or the particular job available for which he was passed over, is unpersuasive. Dyncorp points out that in *Tamayo*, the plaintiff set out specific retaliatory acts. Nevertheless, Seventh Circuit case law has not required such specificity. A plaintiff asserting retaliation need allege only the two items set forth

8

above: specific statutorily protected activity and a materially adverse employment action as a result. *Luevano*, 722 F.3d at 1029. No detailed description of the retaliation (or even an allegation of a causal link between the protected action and the retaliation) need be alleged. *See id.* Here, Friso's allegations about the rescission of the Kirkuk job offer and the silence from Dobbs or Dyncorp about other jobs during 2008 for which Friso submitted his resume or for which he was qualified are sufficient for pleading purposes. Notice pleading standards have been met.

Dyncorp contends that any purported claims based on paragraph 29 of the Amended Complaint should be dismissed, as the alleged March 2010 activity postdated Friso's second charge, which is the basis of this case. It is unclear at this time whether Friso intends to rely on the March 2010 activity as an actionable instance of retaliation or whether he includes the allegation merely to show the ongoing behavior of Dyncorp and its recruiters. Thus, holding that any portion of Friso's claims must be dismissed would be premature. Specific acts of retaliation can be fleshed out during discovery and sorted out by a motion for summary judgment or at trial.

Finally, Dyncorp contends that Friso cannot use a "continuous violation" theory as to conduct that occurred more than 300 days prior to the filing of his second charge. A Title VII charge must be filed within 300 days after the alleged unlawful employment practice occurred; any claim regarding an act predating that period is time-barred. *See* 42 U.S.C. § 2000e-5(e)(1). A narrow exception may apply if the plaintiff can establish that acts predating the 300-day period were part of a continuing violation constituting the same unlawful employment practice (e.g., hostile environment). *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 115-18, 122 (2002). However, "discrete acts" occurring earlier than the 300-day period are not to be considered as a continuing violation, even if

9

the acts are related to acts alleged in timely charges. *See id.* at 105, 113-14, 122. Nevertheless, a plaintiff is not barred from using the prior acts as background for a timely claim, to help prove a claim based on subsequent discriminatory conduct. *Id.* at 113; *Richardson*, 2014 WL 7205581, at *3. Discrete acts may include, for example, "termination, failure to promote, denial of transfer, or refusal to hire." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114.

Dyncorp points particularly to Friso's allegation that he was transferred to a lower-paying position on or about January 25, 2007. (*See* Doc. 4, ¶ 14.) According to Dyncorp, this discrete act falls outside the 300-day period before April 14, 2009 (the date of Friso's second EEOC charge). The court does not read the Amended Complaint as alleging any claim based on the January 2007 transfer. The Amended Complaint asserts that the EEOC issued a determination regarding that transfer, Friso filed suit in Virginia about that transfer, and the parties settled the claims of that first EEOC charge on February 1, 2012. (Doc. 4, ¶¶ 31-33.) Here, the facts from 2007 are background and help inform the allegations about subsequent conduct and Friso's alleged protected activity. Moreover, Friso asserts that his *disqualification from employment after layoff or termination* was a "continuing action materially adverse to a reasonable employee" (Doc. 4, ¶ 34), not that *the January 2007 transfer* was a "continuing violation."

Friso's brief in opposition to dismissal confirms that he pursues no claim regarding events preceding the 300-day period of his second charge and that the January 2007 transfer was identified only for purposes of describing the actions related to the first charge (part of the protected activity on which he bases this case). (Doc. 10 at 17.)

10

As for adverse acts of disqualification from new positions, it may well be that no rescission of a job offer or failure to hire occurred prior to 300 days before the charge, in which case a continuing violation theory would be unnecessary. Or it is possible that some failure to hire did predate the 300-day period. The second charge, a copy of which is attached to Dyncorp's opening brief, asserted that discrimination took place from April 19, 2008, to August 26, 2008, and some of that time period predates the 300-day window. But even if Dyncorp rescinding any job offers prior to the 300-day period, a reasonable reading of the Amended Complaint is that Dyncorp did not communicate that rescission to Friso until within the 300-day period, when at some point its silence could be deemed a rescission or denial. And whether any retaliatory acts before the 300-day period were discrete acts or a continuing violation cannot be determined at the pleading stage—at summary judgment or trial, perhaps. But at this stage all inferences are taken in Friso's favor and he has not pled himself out of court in any way.

For these reasons,

IT IS ORDERED that the motion to dismiss (Doc. 4) is denied.

A Fed. R. Civ. P. 16 scheduling conference will be set by separate order.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE